T.C. Memo. 2007-9

UNITED STATES TAX COURT

GIUSEPPE EVANGELISTA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6453-06L.              Filed January 16, 2007.

Giuseppe Evangelista, pro se.

<u>Theresa G. McQueeney</u>, for respondent.

MEMORANDUM OPINION

CHIECHI, <u>Judge</u>:  This case is before the Court on respon-
dent's motion for summary judgment (respondent's motion).[1]  We
shall grant respondent's motion.

_____

[1]Although the Court ordered petitioner to file a response to
respondent's motion, petitioner failed to do so.

## Background

The record establishes and/or the parties do not dispute the following.

Petitioner resided in Ridgewood, New York, at the time he filed the petition in this case.

Petitioner did not timely file a Federal income tax (tax) return for any of his taxable years 1995, 1996, 1997, 1999, and 2000.

On April 17, 2002, respondent issued to petitioner a notice of deficiency (notice) with respect to his taxable years 1995, 1996, 1997, 1999, and 2000. In that notice, respondent determined the following deficiencies in, and additions to, the tax of petitioner:

| | | Additions to Tax | | |
| | | Sec. | Sec. | Sec. |
| Year | Deficiency | 6651(a)(1)[2] | 6651(a)(2) | 6654 |
| 1995 | $50,198 | $12,550 | $0 | $2,722 |
| 1996 | 13,567 | 3,053 | 3,392 | 722 |
| 1997 | 36,327 | 8,174 | 7,629 | 1,944 |
| 1999 | 18,363 | 4,132 | 1,653 | 889 |
| 2000 | 14,280 | 3,213 | 428 | 768 |

Petitioner did not file a petition with the Court with respect to the notice relating to his taxable years 1995, 1996, 1997, 1999, and 2000.

---

[2]All section references are to the Internal Revenue Code in effect at all relevant times. All Rule references are to the Tax Court Rules of Practice and Procedure.

On August 26, 2002, respondent assessed petitioner's tax, as well as additions to tax and interest as provided by law, for each of his taxable years 1995, 1996, 1997, 1999, and 2000. (We shall refer to any such unpaid assessed amounts, as well as interest as provided by law accrued after August 26, 2002, as petitioner's unpaid liabilities for 1995, 1996, 1997, 1999, and 2000.)

On January 9, 2003, respondent received from petitioner and Debra A. Evangelista (Ms. Evangelista) Forms 1040, U.S. Individual Income Tax Return (Form 1040), for taxable years 1996 (petitioner's[3] Form 1040 for 1996), 1997 (petitioner's Form 1040 for 1997), 1999 (petitioner's Form 1040 for 1999), and 2000 (petitioner's Form 1040 for 2000). On January 13, 2003, respondent received from petitioner and Ms. Evangelista Form 1040 for taxable year 1995 (petitioner's Form 1040 for 1995).

On October 30, 2003, in response to petitioner's Form 1040 for 1995, petitioner's Form 1040 for 1996, petitioner's Form 1040 for 1997, petitioner's Form 1040 for 1999, and petitioner's Form 1040 for 2000, respondent sent petitioner separate letters with respect to such respective years (respondent's October 30, 2003 letters). Each of those letters stated in pertinent part:

---

[3]This case involves only petitioner, and not Ms. Evangelista. For convenience, we shall sometimes refer only to petitioner, and not to petitioner and Ms. Evangelista.

We've finished looking at the information you sent us and we've made a decision about your audit reconsideration * * *.

We regret to inform you that we decided that we should not change the original tax amount.  The attached Form 886-A, <u>Explanation of Items</u>, explains how and why we made our decision.

Attached to each of respondent's October 30, 2003 letters was Form 886-A, Explanation of Items, that stated in pertinent part:

Since you did not provide documentation to verify the deductions being claimed, we are not changing the previous determination.

On September 16, 2005, respondent filed notices of Federal tax lien with respect to petitioner's taxable years 1995, 1996, 1997, 1999, and 2000.

On September 21, 2005, respondent issued to petitioner a notice of Federal tax lien filing and your right to a hearing (notice of tax lien) with respect to his taxable years 1995, 1996, 1997, 1999, and 2000.

On October 17, 2005, in response to the notice of tax lien, petitioner, through his authorized representative, mailed to respondent Form 12153, Request for a Collection Due Process Hearing, and requested a hearing with respondent's Appeals Office (Appeals Office).

On February 14, 2006, a settlement officer with the Appeals Office (settlement officer) held a telephonic Appeals Office hearing with petitioner's authorized representative.

On March 15, 2006, the Appeals Office issued to petitioner a notice of determination concerning collection action(s) under section 6320 and/or 6330 (notice of determination). That notice stated in pertinent part:

**Summary of Determination**

You failed to provide any collection alternatives or information needed to resolve the lien issue. Collection is sustained.

An attachment to the notice of determination stated in pertinent part:

SUMMARY

You requested a hearing under IRC 6320 to dispute the filing of a Notice of Federal Tax Lien for the periods shown above [petitioner's taxable years 1995, 1996, 1997, 1999, and 2000]. You wished to raise the issue of the underlying tax liability and have your returns reconsidered.

Our determination is that the lien is sustained.

BRIEF BACKGROUND

* * * [The settlement officer] offered a conference to the taxpayer via a substantive contact letter. The taxpayer's representative responded to the letter with a telephone call. During this call the representative was advised that the underlying liability issue is precluded because the taxpayer received his Statutory Notice of Deficiency with the right to appeal on all periods. Furthermore, the IRS had granted a reconsideration of the liability previously, which resulted in no change to the tax. The representative was given additional time to submit a valid alternative to further collection action. The representative agreed that if he was unable to provide information necessary to consider alternatives by February 28, 2006, * * * [the settlement officer] would issue a determination.

DISCUSSION AND ANALYSIS

## **Verification - Legal and Procedural Requirements**

### **a. General Verification Requirements -**

Assessment was properly made per IRC § 6201 for each tax and period listed on the CDP notice. The notice and demand for payment letter was mailed to the taxpayer's last known address, within 60 days of the assessment, as required by IRC § 6303. There was a balance due when the NFTL filing was requested.

The collection period allowed by statute to collect these taxes has been suspended by the appropriate computer codes for the tax periods at issue. The taxpayer had no pending bankruptcy case at the time the CDP notice was sent.

This Appeals employee has had no prior involvement with this taxpayer concerning the applicable tax periods before the first CDP case on these periods.

The Service is required to make reasonable efforts to contact the taxpayer before filing a Notice of Federal Tax Lien (NFTL) to advise the taxpayer that a NFTL may be filed if full payment is not made. Issuance of a balance due notice in which a possible NFTL filing is mentioned constitutes reasonable efforts

Case transcripts show the assessment and assessment notice dates as follows:

| Year | Date of Assessment | Date of Notice |
|------|--------------------|-----------------|
| 1995 | 8/26/2002 | 8/26/2002 |
| 1996 | 8/26/2002 | 8/26/2002 |
| 1997 | 8/26/2002 | 8/26/2002 |
| 1999 | 8/26/2002 | 8/26/2002 |
| 2000 | 8/26/2002 | 8/26/2002 |

Letter 3172 was sent by certified mail to the taxpayer's last known address. Computer copies of Letter 3172 and NFTL were included in the case file submitted to Appeals.

**Description of Verification Process for Both Lien and Levy Situations**

* * * [The settlement officer] verified through examination of transcripts and the administrative file, including the original examination file and copies of the statutory notices of deficiency, that all administrative and legal procedures were followed. The Statutory Notice of Deficiency was mailed to your current residence. You did not dispute the receipt of this notice. The notice apprised you of your right to petition the US Tax Court to dispute the assessment. You did not file said petition within the timeframe set by law.

**<u>Issues Raised by the Taxpayer</u>**

In a letter attached to your Form 12153 Request for a Collection Due Process Hearing your representative stated, in part "We are interested in reaching a conclusion and a reasonable payment plan as soon as possible, as stated back in June. Please adjust your records accordingly, since all returns were filed." In your June letter, your representative stated, "We are at a loss to understand why the Service has not properly adjusted its records to reflect the true liability as all returns have been filed to date and we have asked for this on a number of occasions to no avail."

Response: Because you neglected to file your returns when the Service requested you to do so, the Service prepared returns for you based on income information submitted to the IRS by payers. The authority to prepare returns when a taxpayer fails to do so voluntarily is found in IRC 6020(b). After the assessments were made, you filed your returns. Although you defaulted on the original Statutory Notice of Deficiency by failing to petition the US Tax Court, the Service allowed your audit to be reconsidered. The administrative record shows that on 10/30/2003 the Service issued Letter 2726 advising you that the changes you requested based on your own returns were considered, however, you failed to supply any supporting documentation. This letter also explained your right to contest this decision in Appeals. IRC § 6330(c)(2)(B) precludes the underlying liability issue from being raised with a Collection Due Process hearing if the taxpayer had a prior opportunity to appeal the assessment.

Your Form 12153 also requested that consideration be given to an installment agreement. An extension was given to your representative to supply financial information by February 28, 2006. Your representative agreed that if the information necessary to determine whether or not an installment agreement could be granted was not received, a determination would be issued. You did not supply information for * * * [the settlement officer] to consider.

You did not raise any other issues or collection alternatives.

**Collection Action Be No More Intrusive Than Necessary**

On February 14, 2006 your representative contacted * * * [the settlement officer] to discuss your case. He was advised of why we could not accept your returns as an alternative to the proposed collection action within this hearing. He agreed to try to submit financial information with a collection alternative by 2/28/2006, however, as of March 8, 2006, * * * [the settlement officer] did not receive any further information to consider. You have not offered any collection alternatives during the CDP hearing process nor did you submit any financial information. As discussed above, the assessments at issue are valid. Therefore, given your failure to propose any collection alternatives, the lien balances the need for efficient collection with your concern that any collection action be no more intrusive than necessary. [Reproduced literally.]

### Discussion

The Court may grant summary judgment where there is no genuine issue of material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). We conclude that there are no genuine issues of material fact regarding the questions raised in respondent's motion.

The only issue that petitioner appears to raise in the petition in this case is the underlying tax liability for petitioner's taxable years 1995, 1996, 1997, 1999, and 2000. In the petition, petitioner alleges:

> I was under tremendous stress and medical conditions that did not allow me to function normally in the daily life. As soon as I became capable of living my normal life I addressed the issues that burdened me during that time. [Reproduced literally.]

Respondent issued a notice of deficiency to petitioner with respect to his taxable years 1995, 1996, 1997, 1999, and 2000, but petitioner did not file a petition with the Court with respect to that notice. On the instant record, we find that petitioner may not challenge the existence or the amount of petitioner's unpaid liabilities for 1995, 1996, 1997, 1999, and 2000. See sec. 6330(c)(2)(B); Sego v. Commissioner, 114 T.C. 604, 610-611 (2000); Goza v. Commissioner, 114 T.C. 176, 182-183 (2000).

Where, as is the case here, the validity of the underlying tax liability is not properly placed at issue, the Court will review the determination of the Commissioner of Internal Revenue for abuse of discretion. Sego v. Commissioner, supra at 610; Goza v. Commissioner, supra at 182.

Based upon our examination of the entire record before us, we find that respondent did not abuse respondent's discretion in making the determinations in the notice of determination with

respect to petitioner's taxable years 1995, 1996, 1997, 1999, and 2000.

We have considered all of the contentions and arguments of the parties that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.

On the record before us, we shall grant respondent's motion.

To reflect the foregoing,

<u>An order granting respondent's motion and decision for respondent will be entered</u>.